| | | | |
|---|---|---|---|
| Case No. | **CV 14-7543-GW (KK)** | *Date:* | February 11, 2020 |
| Title: | *John L. Miller v. D.A. White, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) Granting Plaintiff's First Motion for Discovery Sanctions [Dkt. 84]; (2) Granting Plaintiff's Second Motion for Discovery Sanctions [Dkt. 86]; (3) Denying Plaintiff's Third Motion for Discovery Sanctions [Dkt. 88]; (4) Granting Plaintiff's Motion for Protective Order [Dkt. 99]; and (5) Denying Without Prejudice Plaintiff's Motion for Issuance of a Subpoena [Dkt. 100]**

# I.
# INTRODUCTION

On December 17, 2019, Plaintiff John L. Miller ("Plaintiff") constructively filed a First Motion for Discovery Sanctions ("First Sanctions Motion") seeking an order barring Defendants D. Barker, Paulette Finander, D. Foreman, and R. Henderson ("Defendants") from moving for summary judgment until after completion of discovery in this action. Dkt. 84.

On December 25, 2019, Plaintiff constructively filed a Second Motion for Discovery Sanctions ("Second Sanctions Motion") seeking an order barring Defendants from conducting any discovery of Plaintiff until after they have complied with the Court's November 8, 2019 Discovery Order. Dkt. 86.

On January 1, 2020, Plaintiff constructively filed a Third Motion for Discovery Sanctions ("Third Sanctions Motion") seeking an order "prohibiting the Defendants from opposing Claims I thru XIV in Plaintiff's First Amended Complaint" until after they complied with the Court's November 8, 2019 Discovery Order. Dkt. 88.

On January 17, 2020, Defendants filed an Opposition to the three Sanctions Motions. Dkt. 97. On January 28, 2020, Plaintiff filed a Reply in support of the Sanctions Motions. Dkt. 98.

On January 28, 2020, Plaintiff constructively filed a Motion for Protective Order seeking an order prohibiting Defendants from deposing Plaintiff until after the Court rules on the three Sanctions Motions and requiring any deposition of Plaintiff to comply with Federal Rule of Civil Procedure 30, particularly subsections (b)(4) and (d)(1). Dkt. 99.

On January 29, 2020, Plaintiff constructively filed a Motion for Subpoena seeking issuance of a subpoena to the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and requesting an in camera inspection of the CDCR personnel files of defendants D.A. White and J. Middleton, who have not yet been served. Dkt. 100.

For the reasons set forth below, (1) Plaintiff's First Sanctions Motion is granted; (2) Plaintiff's Second Sanctions Motion is granted; (3) Plaintiff's Third Sanctions Motion is denied; (4) Plaintiff's Motion for Protective Order is granted; and (5) Plaintiff's Motion for Subpoena is denied without prejudice.

## II.
## BACKGROUND

On September 6, 2018, Plaintiff, an inmate at California State Prison – Los Angeles County ("CSP-LAC") in Lancaster, California, constructively filed a First Amended Complaint ("FAC") alleging various claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants D.A. White, D. Foreman, D. Barker, J. Middleton, R. Henderson, and Paulette Finander each in their individual capacity. Dkt. 22.

In the FAC, Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights generally arising out of his transfer on or about July 24, 2012, from Pleasant Valley State Prison ("PVSP") to CSP-LAC. Id. at 13.

According to the FAC, defendant White, in retaliation for Plaintiff filing numerous grievances against PVSP staff and with deliberate indifference to Plaintiff's safety, excluded the Special Needs Yard ("SNY") designation from Plaintiff's transfer papers. Id. at 6. Plaintiff also alleges defendant Foreman, in conspiracy with defendant White, in retaliation for Plaintiff filing numerous grievances against PVSP staff and with deliberate indifference to Plaintiff's safety, delayed in processing Plaintiff's emergency appeal of his transfer without the SNY designation. Id. at 6-7. Plaintiff alleges that upon his arrival at CSP-LAC, defendants Barker and Middleton conspired in their deliberate indifference to Plaintiff's safety and denied him due process by retaining him in segregation to suffer atypical and significant hardships. Id. at 7-9. Plaintiff alleges defendant Henderson violated Plaintiff's due process rights by retaining him in segregation without a hearing and in retaliation for having filed grievances at PVSP. Id. at 9. Finally, Plaintiff alleges defendant Finander was deliberately indifferent to Plaintiff's serious medical need for Tramadol when she refused to renew his prescription, resulting in Plaintiff suffering withdrawal symptoms and gastrointestinal bleeding. Id. at 9-10. Plaintiff also alleges the denial of Tramadol violated his First Amendment right to free exercise of religion because his pain prevented him from exercising his religion – Buddhism. Id. at 10. Plaintiff seeks compensatory, nominal, and punitive damages. Id. at 10-12.

On February 25, 2019, Defendants filed an Answer. Dkt. 34. In the Answer, Defendants represent that defendants Middleton and White have not been served because defendant Middleton is deceased and defendant White has not been located for service. See dkt. 34 at 2 n.1.

On February 27, 2019, the Court issued a Case Management and Scheduling Order setting a discovery cut off of September 26, 2019 and a dispositive motion cut off of October 24, 2019. Dkt. 43.

On April 23, 2019, Plaintiff served a First Set of Requests for Production, Nos. 1-47 on Defendants. Dkt. 60 at 18-19, Plaintiff's Declaration ("Plf. MTC Decl."), ¶ 2.

On April 30, 2019, Plaintiff served 121 Requests for Admission on defendant Henderson. Dkt. 57 at 6; Dkt. 50, Ex. A.

On May 2, 2019, Plaintiff served a Second Set of Requests for Production, Nos. 48-50 on Defendants. Plf. MTC Decl., ¶ 2.

On May 8, 2019, Plaintiff served 143 Requests for Admission on defendant Foreman. Dkt. 57 at 6; Dkt. 50, Ex. B.

On May 21, 2019, Plaintiff served 128 Requests for Admission on defendant Barker. Dkt. 57 at 6; Dkt. 50, Ex. C.

In May 2019, Plaintiff also served a Third Set of Requests for Production, Nos. 51-62. Plf. MTC Decl., ¶ 2.

On June 4, 2019, Plaintiff served 197 Requests for Admission on defendant Finander. Dkt. 57 at 6; Dkt. 50, Ex. D.

On June 19, 2019, Plaintiff served Interrogatories Nos. 1-25 on defendant Foreman and Interrogatories Nos. 26-46 on defendant Finander. Plf. MTC Decl., ¶ 2.

On June 25, 2019, Plaintiff served Interrogatories Nos. 47-71 on defendant Henderson and Interrogatories Nos. 72-96 on defendant Barker. Plf. MTC Decl., ¶ 2.

On July 3, 2019, Defendants filed a Motion for Protective Order seeking relief from Plaintiff's Requests for Admission. Dkt. 50.

On August 11, 2019, Plaintiff constructively filed a Motion to Compel Defendants to respond to Requests for Production of Documents and Interrogatories. Dkt. 60.

On August 29, 2019, in light of the pending discovery motions, the Court vacated the discovery and dispositive motion cut off dates. Dkt. 66.

On November 8, 2019, the Court issued an Order denying Defendants' Motion for Protective Order, granting Plaintiff's Motion to Compel, requiring Defendants to serve responses without objections to Plaintiff's Interrogatories and Requests for Production by November 29, 2019,

and setting a discovery cut off of January 30, 2020 and a dispositive motion deadline of February 27, 2020. Dkt. 74.

On December 17, 2019, Plaintiff constructively filed the First Sanctions Motion. Dkt. 84. On December 25, 2019, Plaintiff constructively filed the Second Sanctions Motion. Dkt. 86. On January 1, 2020, Plaintiff constructively filed the Third Sanctions Motion. Dkt. 88.

On January 15, 2020, Defendants served a Notice of Deposition of Plaintiff to take place on January 29, 2020. See dkt. 99 at 5-6. The Notice of Deposition provides the deposition "will be conducted via video conference before a certified shorthand reporter" and "[t]he oral examination will continue from day to day until completed." Id.

On January 17, 2020, Defendants filed an Opposition to the Sanctions Motions. Dkt. 97. In the declaration of Defendants' counsel filed in support of the Opposition, Defendants' counsel explains she mistakenly calendared the deadline to respond to Plaintiff's discovery requests as January 30, 2020. Dkt. 97 at 9-11, Declaration of Kelli M. Hammond ("Hammond Decl."), ¶ 10. Defendants' counsel represents she has "been drafting responses to Plaintiff's Requests for Admissions, Interrogatories, and Production of Documents, Set 2. Responses to Plaintiff's Requests for Admissions are not complete, however some of Plaintiff's Requests for Interrogatories have been drafted and sent to the Defendants for review and signature." Id., ¶ 12. In addition, Defendants' counsel represents "Responses to Plaintiff's Request for Production of Documents are being served concurrently with this reply to the Court's Order." Id., ¶ 13.

On January 17, 2020, Defendants served Responses to Plaintiff's Second Set of Requests for Production, Nos. 48-50. Dkt. 101, Ex. A.

On January 28, 2020, Plaintiff filed a Reply in support of the Sanctions Motions with a declaration stating he had not received any response to his Requests for Production of Documents. Dkt. 98, Reply; Dkt. 98 at 7, Plaintiff's Declaration in support of Reply ("Plf Reply Decl."), ¶ 3.

On January 28, 2020, Plaintiff constructively filed the Motion for Protective Order. Dkt. 99.

On January 29, 2020, Plaintiff constructively filed the Motion for Subpoena seeking issuance of a subpoena to the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and requesting an in camera inspection of the CDCR personnel files of defendants D.A. White, and J. Middleton. Dkt. 100.

On February 2, 2020, Plaintiff filed a Supplement to his Reply in support of the Sanctions Motions stating he received Defendants' Responses to Requests for Production, Set Two, on January 28, 2020, after he had already sent his Reply out for mailing. Dkt. 101.

The matters thus stand submitted.

///
///
///
///

# III.
# LEGAL STANDARD

Federal Rule of Civil Procedure 37 ("Rule 37") provides:

If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>   (iii) striking pleadings in whole or in part;
>   (iv) staying further proceedings until the order is obeyed;
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). In addition, the Court has inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The party alleging discovery misconduct has the "burden to prove by a preponderance of the evidence" that the misconduct occurred. Lakes v. Bath & Body Works, LLC, No. 2:16-CV-02989-MCE (AC), 2019 WL 2124523, at *4 (E.D. Cal. May 15, 2019).

To justify the imposition of case-dispositive sanctions, the Court must find the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Commission v. Noble Metals International, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 26 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).

Courts apply a five-part test to determine whether a case-dispositive sanction is just:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citations omitted) (affirming default judgment against defendants after "years of evasion of

discovery obligations"). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990) (noting the element of prejudice is "essential" and "sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case'").

## IV.
## DISCUSSION

As an initial matter, the Court finds Plaintiff has satisfied his burden to show Defendants violated the Court's November 8, 2019 Discovery Order by failing to serves responses without objections to Plaintiff's Interrogatories and Requests for Production by November 29, 2019. Defendants, in fact, admit they failed to serve responses to Interrogatories and Requests for Production of Documents as ordered. Dkt. 97 at 4 ("Here, there is no question that counsel for Defendants missed the Court's twenty-one day deadline for responding to Plaintiff's discovery requests, and that error has caused delay in the progress of this case."). Moreover, it appears Defendants have not yet provided responses to Requests for Production of Documents, Set One, Interrogatory Nos. 1-25 to defendant Foreman, Interrogatory Nos. 26-46 to defendant Finander, Interrogatory Nos. 47-71 to defendant Henderson, or Interrogatory Nos. 72-96 to defendant Barker. See dkt. 101 (Plaintiff stating he has only received a response to his Requests for Production of Documents, Set Two).

Turning to what sanction is appropriate in light of Defendants' failure to comply with the Court's November 8, 2019 Discovery Order, Plaintiff's Sanctions Motions seek the following orders: (1) barring Defendants from moving for summary judgment until after completion of discovery in this action, dkt. 84, First Sanctions Motion; (2) barring Defendants from conducting any discovery of Plaintiff until after they have complied with the Court's November 8, 2019 Discovery Order, dkt. 86, Second Sanctions Motion; and (3) "prohibiting the Defendants from opposing Claims I thru XIV in Plaintiff's First Amended Complaint" until after they have complied with the Court's November 8, 2019 Discovery Order, dkt. 88, Third Sanctions Motion.

Defendants' Opposition to the Sanctions Motions does not make any argument opposing the First Sanctions Motion and explicitly does not oppose the Second Sanctions Motion. The Court, therefore, deems Defendants' failure to oppose the First and Second Sanctions Motions consent to granting the First and Second Sanctions Motions. See L.R. 7-12 (a party's failure to oppose a motion may be deemed consent to the granting of the motion). Moreover, despite Defendants' counsel's alleged calendaring mistake, a sanction essentially "staying further proceedings until the order is obeyed" is just and appropriate under the circumstances here. See Fed. R. Civ. P. 37(b)(2)(iv). In addition, the relief sought in Plaintiff's Motion for Protective Order is largely duplicative of the Second Sanctions Motion. Hence, Plaintiff's First and Second Sanctions Motions, and Motion for Protective Order are GRANTED. Defendants may not seek discovery from Plaintiff, including his deposition, until after they have served responses without objection to Requests for Production of Documents, Set One, Interrogatory Nos. 1-25 to defendant Foreman, Interrogatory Nos. 26-46 to defendant Finander, Interrogatory Nos. 47-71 to defendant Henderson, or Interrogatory Nos. 72-96 to defendant Barker. In addition, any Notice of Deposition shall

comply with Federal Rule of Civil Procedure 30.[1]  Further, Defendants shall not file a motion for summary judgment or summary adjudication until after the discovery cut off.

Defendants oppose the Third Sanctions Motion on the grounds it "essentially requests an evidentiary sanction." Dkt. 97 at 6.  It is, however, unclear to the Court what relief Plaintiff is seeking by seeking to prevent Defendants from "opposing" Plaintiff's claims.  To the extent Plaintiff's Third Sanctions Motion seeks terminating or evidentiary sanctions, Plaintiff fails to justify the imposition of case-dispositive sanctions at this time.  Plaintiff has not established prejudice caused by the delay in responding to his discovery requests.  The less drastic sanction of staying proceedings until Defendants have complied with the discovery order appears more appropriate to the current circumstances.  Finally, Plaintiff has not established Defendants have acted in bad faith.  Accordingly, the Court does not find terminating or evidentiary sanctions are warranted at this time.  Wanderer, 910 F.2d at 656; Commodity Futures Trading Commission, 67 F.3d at 770-71.  Hence, Plaintiff's Third Sanctions Motion is DENIED.

Finally, as to Plaintiff's Motion for Subpoena, the Court finds a Subpoena seeking records from the Secretary of the CDCR is premature.  Plaintiff's Interrogatories and Requests for Production of Documents, which the Court expects will be promptly responded to, seek information confirming the death of defendant Middleton and the location for service of process of defendant White.  See dkt. 100, Exs. A, B; see also dkt. 84, Ex. A.  Hence, Plaintiff's Motion for Subpoena is DENIED without prejudice.

## V.
## ORDER

Based upon the foregoing reasons, IT IS THEREFORE ORDERED that:

(1) Plaintiff's First Sanctions Motion is GRANTED;
(2) Plaintiff's Second Sanctions Motion is GRANTED;
(3) Plaintiff's Third Sanctions Motion is DENIED;
(4) Plaintiff's Motion for Protective Order is GRANTED; and
(5) Plaintiff's Motion for Subpoena is DENIED without prejudice.

Accordingly, IT IS ORDERED that: Defendants may not seek discovery from Plaintiff, including his deposition, until after they have served responses without objection to Requests for Production of Documents, Set One, Interrogatory Nos. 1-25 to defendant Foreman, Interrogatory Nos. 26-46 to defendant Finander, Interrogatory Nos. 47-71 to defendant Henderson, or Interrogatory Nos. 72-96 to defendant Barker.  In addition, Defendants shall not file a motion for summary judgment or summary adjudication until after the discovery cut off.

---

[1] To the extent Defendants seek to take Plaintiff's deposition by remote means, i.e. by video conference, they must enter into a stipulation with Plaintiff or seek leave of court to do so.  Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means.").  In addition, "a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1).