UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. MILLER,<br><br>                Plaintiff,<br><br>    v.<br><br>D.A. WHITE, ET AL.,<br><br>                Defendant(s). | Case No. CV 14-7543-GW (KK)<br><br>MEMORANDUM AND ORDER AFFIRMING DISCOVERY ORDER |

## I.

## **INTRODUCTION**

On June 10, 2020, Plaintiff John L. Miller ("Plaintiff") constructively filed[1] "Objection to the Court's 5-27-20 Discovery Order" pursuant to Federal Rule of Civil Procedure 72(a). ECF Docket No. ("Dkt.") 121. As set forth below, the Court has considered Plaintiff's Objection to the Magistrate Judge's May 27, 2020 Order and finds the Order is not clearly erroneous or contrary to law. Accordingly, Plaintiff's Objection is overruled and the May 27, 2020 Order is hereby AFFIRMED.

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule" applies to § 1983 suits filed by pro se prisoners").

## II.

## **BACKGROUND**

On September 6, 2018, Plaintiff, an inmate at California State Prison – Los Angeles County ("CSP-LAC") in Lancaster, California, constructively filed a First Amended Complaint ("FAC") alleging various claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants D.A. White, D. Foreman, D. Barker, J. Middleton, R. Henderson, and Paulette Finander each in their individual capacity.[2] Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights generally arising out of his transfer on or about July 24, 2012, from Pleasant Valley State Prison ("PVSP") to CSP-LAC. Id. at 13.

On June 19, 2019, Plaintiff served Interrogatories Nos. 1-25 on defendant Foreman and Interrogatory Nos. 26-46 on defendant Finander. Dkt. 60 at 18-19, Plaintiff's Declaration in support of First Motion to Compel ("Plf. MTC Decl."), ¶ 2.

On June 25, 2019, Plaintiff served Interrogatories Nos. 47-71 on defendant Henderson and Interrogatory Nos. 72-96 on defendant Barker. Id.

On August 11, 2019, Plaintiff constructively filed a Motion to Compel Defendants to respond to Requests for Production of Documents and Interrogatories ("First Motion to Compel"). Dkt. 60.

On November 8, 2019, the Court issued an Order regarding various issues and requiring Defendants to serve responses without objections to Plaintiff's Interrogatories. Dkt. 74.

On January 30, 2020, Defendants served responses to Plaintiff's Interrogatories, but advised Plaintiff that signed verifications would be provided

---

[2] Defendant Middleton is deceased and defendant White has not been located for service. Both defendants have, therefore, not been served and are not represented by the Office of the Attorney General. Accordingly, for purposes of this Order, the term "Defendants" refers to defendants Foreman, Barker, Henderson, and Finander who have appeared in this action.

2

1 under separate cover. Dkt. 105-1, Declaration of Kelli M. Hammond ("Hammond
2 Decl."), ¶ 12.
3   On February 5, 2020, Plaintiff received the responses to his four sets of
4 Interrogatories. Dkt. 103 at 13-14, Declaration of Plaintiff in support of Second
5 Motion to Compel ("Plf. Decl."), ¶ 2.
6   "On or about" February 6, 2020, Defendants served Interrogatory verifications
7 signed by defendants Foreman and Barker. Hammond Decl., ¶ 13.
8   On February 24, 2020, Defendants served Interrogatory verifications signed by
9 defendants Henderson and Finander. Id., ¶ 16.
10   On March 23, 2020, Plaintiff filed a second Motion to Compel various
11 discovery responses including supplemental responses to Interrogatories ("Second
12 Motion to Compel"). Dkt. 103 at 1-2.
13   On April 8, 2020, Defendants "re-served the paper copies of all discovery
14 responses, verifications, [and] responsive documents." Hammond Decl., ¶ 28.
15   On April 10, 2020, Defendants filed an Opposition to the Second Motion to
16 Compel. Dkt. 105.
17   On April 27, 2020, Plaintiff filed a Reply noting he has not received
18 Interrogatory verifications from defendants Henderson or Finander, arguing
19 Defendants' Interrogatory responses are improperly prepared by their counsel. Dkt.
20 108.
21   On May 27, 2020, the Court issued an Order granting in part and denying in
22 part Plaintiff's Second Motion to Compel denying Plaintiff's request for supplemental
23 responses to Interrogatories on the grounds that assistance of counsel is clearly
24 contemplated by Federal Rule of Civil Procedure 33, but requiring Defendants to re-
25 serve Interrogatory verifications signed by defendants Henderson and Finander. Dkt.
26 114.
27   On June 10, 2020, Plaintiff constructively filed the instant Objection to the
28 May 27, 2020 Order. Dkt. 79. Specifically, Plaintiff objects to a portion of the Order

3

in which Plaintiff alleges the Magistrate Judge's denial of his request to compel supplemental Interrogatory responses "was an abuse of discretion." Id.

## III.
## DISCUSSION

Magistrate judges have the authority to issue non-dispositive orders, including discovery motions. Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., No. CV 14-3053-MWF (VBKx), 2015 WL 12781594, at *2 (C.D. Cal. Feb. 12, 2015) ("A discovery motion is a non-dispositive pre-trial matter".). If timely objections are filed, the district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Here, Plaintiff seeks review of a single issue in the May 27, 2020 non-dispositive order resolving numerous discovery disputes. Dkt. 121. Specifically, Plaintiff complains Defendants' counsel prepared Defendants' Interrogatory responses and objects to the denial of his request to require Defendants to respond to the Interrogatories "in their own words." Dkt. 114 at 5.

Plaintiff fails to identify any clearly erroneous factual conclusions or legal conclusions that are contrary to law. The Magistrate Judge considered Plaintiff's argument and denied his request because "[a]ssistance of counsel . . . is clearly contemplated by [Federal Rule of Civil Procedure] Rule 33," which governs interrogatories. Id. (citing Exxon Corp. v. F. T. C., 384 F. Supp. 755, 764 (D.D.C. 1974) (finding plaintiff's argument that interrogatories were improperly prepared by counsel even though they were signed by the responding party "must be deemed frivolous")). The Court does not find these conclusions clearly erroneous or contrary to law.

Hence, Plaintiff has failed to set forth any grounds requiring modification of the May 27, 2020 Order.

///

///

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED Plaintiff's Objection is overruled and the May 27, 2020 Order is AFFIRMED.

Dated: June 24, 2020

HONORABLE GEORGE H. WU
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge