UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-7543-GW (KK)** | *Date:* | September 10, 2020 |
| Title: | *John L. Miller v. D.A. White, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Denying Plaintiff's Motion to Compel Discovery [Dkt. 140]

## I.
## INTRODUCTION

On June 29, 2020, Plaintiff John L. Miller ("Plaintiff") constructively filed a Motion to Compel ("Motion to Compel") seeking responses to Plaintiff's Fourth Request for Production of Documents and a copy of defendant Henderson's signed interrogatory verification.  Dkt. 140.  On July 27, 2020, Defendants filed an Opposition.  Dkt. 151.  Plaintiff has not filed a Reply.  For the reasons set forth below, Plaintiff's Motion to Compel is DENIED.

## II.
## BACKGROUND

On September 6, 2018, Plaintiff, an inmate at California State Prison – Los Angeles County ("CSP-LAC") in Lancaster, California, constructively filed a First Amended Complaint ("FAC") alleging various claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants D.A. White, D. Foreman, D. Barker, J. Middleton, R. Henderson, and Paulette Finander each in their individual capacity.  Dkt. 22.

In the FAC, Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights generally arising out of his transfer from Pleasant Valley State Prison ("PVSP") to CSP-LAC on or about July 24, 2012.  Id. at 13.

According to the FAC, defendant White, in retaliation for Plaintiff filing numerous grievances against PVSP staff and with deliberate indifference to Plaintiff's safety, excluded the Special Needs Yard ("SNY") designation from Plaintiff's transfer papers. Id. at 6. Plaintiff also alleges defendant Foreman, in conspiracy with defendant White and in retaliation for Plaintiff filing numerous grievances against PVSP staff and with deliberate indifference to Plaintiff's safety, delayed processing Plaintiff's emergency appeal of his transfer without the SNY designation. Id. at 6-7. Plaintiff alleges that upon his arrival at CSP-LAC, defendants Barker and Middleton conspired in deliberate indifference to Plaintiff's safety and denied him due process by retaining him in segregation to suffer atypical and significant hardships. Id. at 7-9. Plaintiff alleges defendant Henderson violated Plaintiff's due process rights by retaining him in segregation without a hearing and in retaliation for having filed grievances at PVSP. Id. at 9. Finally, Plaintiff alleges defendant Finander was deliberately indifferent to Plaintiff's serious medical need for Tramadol when she refused to renew his prescription, resulting in Plaintiff suffering withdrawal symptoms and gastrointestinal bleeding. Id. at 9-10. Plaintiff also alleges the denial of Tramadol violated his First Amendment right to free exercise of religion because his pain prevented him from exercising his religion – Buddhism. Id. at 10. Plaintiff seeks compensatory, nominal, and punitive damages. Id. at 10-12.

On February 25, 2019, defendants Foreman, Barker, Henderson, and Finander ("Defendants") filed an Answer. Dkt. 34. In their Answer, Defendants represent that defendants Middleton and White have not been served because defendant Middleton is deceased and defendant White has not been located for service. See dkt. 34 at 2 n.1.

On May 25, 2020, Plaintiff served a Fourth Set of Requests for Production, Nos. 63 and 64. Dkt. 140 at 8-10, Plaintiff's Declaration ("Pl.'s Decl."), ¶ 2, Ex. A; Dkt. 151, Ex. A. Request for Production No. 63 seeks documents relating to Plaintiff's April 19, 2015 CDCR 602 HC Patient-Inmate Health Care Appeals and Request for Production No. 64 seeks documents relating to Plaintiff's May 13, 2015 CDCR 602 HC Patient-Inmate Health Care Appeal. Pl.'s Decl., ¶ 2, Ex. A.

On May 27, 2020, the Court issued an Order which, in relevant part, required Defendants to re-serve Plaintiff with the interrogatory verification signed by defendant Henderson by June 10, 2020. Dkt. 114 at 5.

On June 18, 2020, Plaintiff received a large envelope with various documents from Defendants with a letter dated June 10, 2020 stating the documents included a signed interrogatory verification for defendant Henderson. Pl.'s Decl., ¶ 4, Ex. C.

On June 21, 2020, Plaintiff sent Defendants' counsel a letter stating, in part, that defendant Henderson's interrogatory verification was not included in the mailing which he received on June 18, 2020. Id., ¶ 7, Ex. D.

On June 29, 2020, Defendants served responses to Plaintiff's Fourth Set of Requests for Production of Documents. Dkt. 151, Ex. B.[1]

---

[1] While Defendants' Opposition is not supported by a declaration, the copy of Defendants' responses to Plaintiff's Fourth Set of Requests for Production of Documents contains a Declaration of Service that states the responses were served on June 29, 2020.

On June 29, 2020, Plaintiff constructively filed the instant Motion to Compel. Dkt. 140. Plaintiff states he has not received Defendants' responses to Plaintiff's Fourth Set of Requests for Production or a copy of defendant Henderson's signed interrogatory verification. Pl.'s Decl., ¶¶ 3, 6.

On July 27, 2020, Defendants filed an Opposition arguing Plaintiff's Motion to Compel is moot because (a) Defendants served responses to Plaintiff's Fourth Set of Requests for Production; (b) attached another copy of defendant Henderson's signed interrogatory verification to the Opposition; and (c) despite their objections to the Requests for Production, Defendants produced responsive documents concurrently with the Opposition. Dkt. 151.

Plaintiff has not filed a Reply. The matter thus stands submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## IV.
## DISCUSSION

### A.  INTERROGATORY VERIFICATION

It appears Defendants' numerous attempts to send Plaintiff a copy of defendant Henderson's signed interrogatory verification failed. Nevertheless, because (a) it appears Defendants attempted to timely comply with the Court's May 27, 2020 Order by serving the verification on June 10, 2020, see Plaintiff's Decl., Ex. C; and (b) a copy of defendant Henderson's verification is attached to Defendants' Opposition, see dkt. 151, Ex. C, Plaintiff's Motion to Compel service of yet another copy of defendant Henderson's verification is DENIED as MOOT.

### B. REQUESTS FOR PRODUCTION

#### 1. Applicable Law

Federal Rule of Civil Procedure 34 ("Rule 34") governs requests for production of documents. "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2. Analysis

As an initial matter, Plaintiff's Motion to Compel responses to his Fourth Set of Requests for Production of Documents appears to have been filed prematurely. On May 25, 2020, Plaintiff served his Fourth Set of Requests for Production of Documents on Defendants by U.S. mail. Pl.'s Decl., Ex. A. Defendants' responses were therefore due on June 29, 2020.[2] See Fed. R. Civ. P. 6(a)(1)(C), 6(d), 34(b)(2)(A). Defendants timely served their responses on June 29, 2020. Dkt. 151, Ex. B. Hence, the Motion to Compel is premature because Plaintiff constructively filed his motion the same day the responses were due.

Moreover, Plaintiff's Fourth Set of Requests for Production appear to seek information that is not relevant to the instant action. Requests for Production Nos. 63 and 64 seek documents relating to Plaintiff's April 19, 2015 and May 13, 2015 CDCR 602 HC Patient-Inmate Health Center Appeals, but the events alleged in the FAC occurred in 2012 and 2013. Compare Pl.'s Decl., ¶ 2, Ex. A, with Dkt. 22. Therefore, it is not apparent from the face of the requests that they seek information "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and Plaintiff fails to explain the relevance of the requests in his Motion to Compel, see dkt. 140. Hence, Plaintiff's Motion to Compel responses to the Fourth Set of Requests for Production is DENIED.

## V.
## ORDER

Based upon the foregoing reasons, IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is DENIED as set forth above.

---

[2] Three days are added to Defendants' time to respond because Plaintiff served the Fourth Set of Requests for Production by mail. Fed. R. Civ. P. 6(d). Thirty-three days after May 25, 2020 is Saturday, June 27, 2020. Therefore, Defendants' deadline to respond was Monday, June 29, 2020. Fed. R. Civ. P. 6(a)(1)(C).