| | | | |
|---|---|---|---|
| Case No. | **CV 14-7543-GW (KK)** | Date: | July 16, 2021 |

Title: *John L. Miller v. D. A. White, et al.*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why California Department of Corrections and Rehabilitation Should Not Be Sanctioned for Failure to Respond to Subpoena

On August 5, 2020, the Court granted Plaintiff's renewed motion for a subpoena and issued a Subpoena to Ralph Diaz in his capacity as Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Dkts. 157, 158. The Subpoena ordered the Secretary of CDCR to produce "documents sufficient to show [defendant] Middleton is deceased and provide an address for service of process on [defendant] White . . . within fourteen (14) days of service of this Subpoena."[1] Dkt. 158. On September 15, 2020, the United States Marshal Service completed service of the Subpoena. See dkts. 175, 238. Hence, CDCR should have responded to the Subpoena no later than September 29, 2020.

However, on June 1, 2021, Plaintiff filed an Application for Appointment of Counsel indicating he had not yet received any response to the Subpoena.[2] Dkt. 234. While the Court

---

[1] It now appears Defendants' counsel may be confused as to which defendant is deceased and which is retired. See dkts. 34 at 2 n.1 (Answer stating "Defendant Middleton is deceased and Defendant White has not been located for service); dkt. 31 (process return receipt stating "CDCR has indicated that J. Middleton is deceased"); dkt. 115 (process return receipt stating defendant White "is retired and could not be located"); but see dkt. 55 (Defendants' status report stating "Defendant Middleton has not been served. Defendant White is deceased.").

[2] In the event it is accurate that CDCR failed to respond to the Subpoena within fourteen days of service as ordered, it appears any objections have been waived. McCoy v. Sw. Airlines Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 (continued . . . )

denied Plaintiff's Application for Appointment of Counsel, the Court is concerned and not pleased with CDCR's apparent disregard for this Court's Orders. In addition, at Plaintiff's deposition on November 23, 2020, defense counsel stated she would check on the status of the Subpoena. Id. Therefore, it appears Defendants' counsel can provide the Court with a status update regarding CDCR's response to the Subpoena. Accordingly, **on or before July 23, 2021**, **Defendants' counsel** shall:

(1) File a declaration informing the Court regarding the status of CDCR's response to the Subpoena and clarifying which defendant is deceased and which is retired; and
(2) Advise the Court that Defendants' counsel is authorized to accept service of this Order on behalf of CDCR or file a proof of service of this Order on CDCR.

In addition, **on or before August 12, 2021**, **CDCR** is ORDERED TO SHOW CAUSE in writing why it should not be sanctioned for failure to timely respond to the Subpoena.

**IT IS SO ORDERED.**

---

subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.").